†LEWIS SEASONGOOD v. CINCINNATI (CITY.)

1. VACANT LOT MADE TO CONFORM TO GRADE ENTITLES OWNER TO DAMAGES FOR SUB-
SEQUENT CHANGE.

Section 2315, Revised Statutes, providing for damages to an abutting lot by reason of
the improvement of a street, applies to a lot graded to the established grade of the
street, though no structure or other improvement be erected thereon.

2. DAMAGES CANNOT EXCEED VALUE OF THE LOT.

The measure of damages is the value of the improvement destroyed or rendered value-
less, not exceeding the value of the lot.

ERROR to the Court of Common Pleas of Hamilton county.

The pertinent facts of this case are as follows:

The city of Cincinnati, having determined to improve Lebanon turnpike or Reading
road, changed the grade thereof as established under the charter and traveled for many years.
Seasongood, as an owner of two abutting lots, filed his claim for damages under Rev. Stat.,
sec. 2315, and the city under sec. 2317, filed its application in the court of common pleas for
an inquiry and assessment of damages. No structure or other improvements have ever
been erected upon either of his lots, the lots being vacant lots without either trees or shrub-
bery. · The lots were about three feet higher at the front than the traveled grade of the pike,
and the change in grade made a fill on the pike of about seven feet at the south front,
and of about five feet at the north front of his lots, leaving the front of the lots lower at both
ends than the new grade.

Seasongood offered to prove that his lots had been formerly graded with reference to
the pike grade on which they fronted; that it was done by a cut of 20 to 22 feet deep along
the turnpike front of his lots, and for convenient access thereto from the lots; that his two
lots were a part of a subdivision of twelve lots, the ground embraced in the entire subdivision
being graded with reference to the pike grade at an expense of several thousand dollars.
He further offered to prove that the change of grade necessitates a re-grading of his lots
to conform to the new grade, and that he will be damaged in consequence of the change of
grade. The city solicitor objected to this testimony, for the reason that the grading of a
lot is not an improvement, which objection was sustained by the court, and thereupon, on
motion of the solicitor, the court ruled out all testimony relating to any former grading of
the lots and to any damages in consequence of any re-grading of said lots.

The court below instructed the jury as follows in relation to damages to
unimproved lots:

"You will leave out of consideration any alleged damage that is asserted will accrue to
unimproved lots." * * *

"I shall endeavor to impress upon you that the question for your determination is
damage, if any, to improvements, and not to the land." * * *

"I have, perhaps in the presence and hearing of the jury, indicated enough about the
matter of the Seasongood lot to say that it is admitted that it is an unimproved lot, save and
except that the counsel for Mr. Seasongood contends that the grading of the lot is an
improvement, but which has been determined otherwise by the court; so that, unless you
find that there is some improvement upon the lot belonging to Mr. Seasongood which will
be depreciated in value by reason of this improvement, your verdict must, of course, be the
assessment of no damages in his favor."

The jury returned a verdict against Seasongood.

SWING, J.

We think that the court of common pleas erred in its rulings on the admis-
sion of evidence and in its charge to the jury on the right of Seasongood to recover
for damages to his lot by reason of the change of grade.

In our opinion, a lot-owner who has improved his lot by grading it to the
established grade of a street, has a right to recover as damages the value of his

---

†This case was affirmed by the supreme court on this opinion, without further report,
51 O S. 611.

improvement which is destroyed or made of no value by reason of the change of grade.

We can see no difference in principle between a property owner recovering for damages to his improvements in grading his property to conform to an established grade of a street, and in recovering damages for structures or other improvements which may have been made with reference to such established grade, when the damage has been caused by a change of grade.

The public having acted in establishing a grade of a street, the citizen may safely rely on the action of the public, and improve his property in accordance with the same. The value of the improvement which is destroyd by reason of the change made by the public, is the measure of his damage. Of course, such improvements must be reasonable, and in no case should recovery be had for a larger amount than the value of the lot at the time of the proposed change of grade.

For error of the court in refusing to admit evidence as to change of grade and damage to the lots, and the error of the court in its charge on this question, the judgment of the court of common pleas is reversed, and the cause is remanded to said court for further proceedings at the cost of the defendant in error.

W. M. Ampt, for plaintiff in error.

John Galvin, assistant city solicitor, for defendant in error.